UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY HAMILTON,

       Petitioner,         CIVIL ACTION NO. 04-CV-74164-DT

vs.

                              DISTRICT JUDGE GERALD E. ROSEN

DOUGLAS C. VASBINDER,     MAGISTRATE JUDGE MONA K. MAJZOUB

       Respondent.
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** This Court recommends that Petitioner's Petition for Writ of Habeas Corpus be DISMISSED WITHOUT PREJUDICE because a claim is not exhausted.

\*\*\*

A jury convicted Petitioner of assault with intent to do great bodily harm less than murder. The court sentenced him as a third habitual offender to twelve and one-half to twenty years of imprisonment. Petitioner appealed to the Michigan Court of Appeals claiming (1) the trial court deprived him of his right to present evidence in his defense, specifically the testimony of the assault victim's friend regarding an alleged phone call from the victim in which the victim said she felt threatened by another man, (2) ineffective assistance of counsel for failing to question a cellmate about his drug addiction history, and (3) the trial court erred in sentencing him outside the statutory guideline range. On June 14, 2002, the court affirmed Petitioner's conviction but vacated his sentence and remanded the case for resentencing.

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. He claimed that the trial judge violated his right to present a defense by his ruling on the testimony of the

-1-

victim's friend and that he received ineffective assistance of counsel because counsel failed to cross-examine and impeach the prosecution witness regarding his drug addiction. On December 30, 2002, the Michigan Supreme Court denied his application for leave to appeal.

The trial court resentenced Petitioner on August 21, 2002 to a reduced term of nine and one-half to twenty years of imprisonment. Petitioner again appealed to the Court of Appeals of Michigan claiming that the trial court erred by incorrectly scoring his guidelines, failing to ask him or his counsel whether they had read his presentence investigation report, by failing to give counsel an opportunity to explain or challenge information in the report, and by failing to give counsel an opportunity to allocute before sentencing. He also claimed that the prosecutor stated evidence not in the record and presented perjured testimony and that he received ineffective assistance of counsel. Petitioner contended that there were mitigating circumstances to substantiate resentencing to the lower end of his guideline range. He questioned whether the court should determine that his lower court motion for resentencing was filed on time, whether he received ineffective assistance of counsel where counsel failed to object to the scoring of different variables, failed to object to prosecutorial misconduct, and failed to review the presentence report with Petitioner. Finally, Petitioner raised the issue of whether the prosecutor committed misconduct by stating facts not in evidence and using perjured testimony at the preliminary examination. The Michigan Court of Appeals affirmed Petitioner's sentence on March 18, 2004.

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court which the court denied on August 31, 2004. Petitioner raised the same issues that he raised in the Michigan Court of Appeals.

Petitioner next filed this habeas petition in this Court. His claims in this Court are: (1) abuse of discretion, created a structural defect in the trial process (regarding the trial judge's ruling on the introduction of evidence); (2) denial of effective assistance of counsel because counsel failed to

thoroughly present evidence that someone other than Petitioner was likely the perpetrator of the offense, failed to object to prosecutorial misconduct and the testimony of a paid informant, failed to object to inaccurate scoring variables, and Petitioner was not given an opportunity to make corrections to the same; (3) error in the sentencing procedure because the prosecutor stated evidence not in the record and used perjured testimony of an informant, and there were mitigating circumstances to sentence at the lower end of the guidelines.

State prisoners are required to exhaust their state remedies on claims raised in their habeas corpus petitions in this Court. 28 U.S.C. § 2254(b)(1)(a) & (c). Claims are exhausted if they have been fairly presented to both of this state's appellate courts. Petitioners must cite a provision of the Constitution, federal decisions using constitutional analysis, or state decisions using constitutional analysis in similar fact patterns, to fairly present their claims to the state courts. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111-12 (1995). Petitioner bears the burden of showing that his state remedies have been exhausted. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

Respondent contends that Petitioner has failed to exhaust his claim that counsel rendered ineffective assistance by failing to thoroughly present evidence that someone other than Petitioner was likely the perpetrator of the offense. A review of the record confirms that Petitioner failed to present that issue to either of the appellate courts. This is therefore an unexhausted claim.

The Court must consider whether Petitioner has available to him an avenue to exhaust this claim in the state courts. *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Petitioner may exhaust this claim in the Michigan courts by filing a motion for relief from judgment under M.C.R. 6.500 *et seq.*, which allows the trial court to consider the claim. Petitioner may also appeal a denial of relief to the state appellate courts. In this case, Petitioner's ineffective assistance of counsel claim should first be considered by the

state courts so that they have the opportunity to determine whether counsel rendered ineffective assistance.

Accordingly, this Court recommends that Petitioner's application for the Writ of Habeas Corpus be DISMISSED WITHOUT PREJUDICE. It is further recommended that the one-year statute of limitation found in 28 U.S.C. §2244(d)(1) be tolled from the date Petitioner filed the pending petition until the time Petitioner returns to federal court to pursue habeas relief, provided that Petitioner pursues exhaustion of state court remedies within sixty days of the date of the final order in this proceeding and seeks leave to reopen these habeas corpus proceedings within sixty days of exhausting state court remedies.

**NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 24, 2006             s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

## Proof of Service

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: August 24, 2006             s/ Lisa C. Bartlett
                                   Courtroom Deputy